## In re AMOXICILLIN PATENT AND ANTITRUST LITIGATION.

### No. 328.

Judicial Panel on Multidistrict Litigation.

May 2, 1978.

Before JOHN MINOR WISDOM, Chairman, and EDWARD WEINFELD, EDWIN A. ROBSON, JOSEPH S. LORD, III,* STANLEY A. WEIGEL, ANDREW A. CAFFREY,* and ROY W. HARPER, Judges of the Panel.

### OPINION AND ORDER

PER CURIAM.

This litigation consists of three actions, each of which is pending in a different district: the District of Delaware, the Eastern District of Virginia and the District of the District of Columbia.

Beecham Group Limited (Beecham Group) filed the complaints in the Delaware and Virginia actions against, respectively, Bristol-Myers Company (Bristol) and A. H. Robins Company (Robins). The complaints allege that the defendant in each action infringed United States patent number 3,192,198 and patent reissue number 28,744, which relate to a semisynthetic penicillin known as amoxicillin (the amoxicillin patents). Both complaints seek, *inter alia*, a declaration of validity and infringement, an injunction against future infringement, and damages.

Bristol and Robins in their answers to these complaints have asserted in affirmative defenses that the amoxicillin patents are invalid and unenforceable, were procured by misconduct and have been misused. Both Bristol and Robins have also filed counterclaims against, *inter alia*, Beech-

* Judges Lord and Caffrey took no part in the decision of this matter.

am Group and Beecham, Inc. (Beecham Group and Beecham, Inc. are hereinafter referred to as the Beecham parties.)

In Bristol's counterclaims in the Delaware action, Bristol seeks: (1) a declaration that the amoxicillin patents are invalid and unenforceable; (2) a declaration that, by reason of a 1959 agreement between Beecham Group and Bristol, Bristol is entitled to manufacture, use and/or sell amoxicillin in the United States; and (3) treble damages on the ground that the Beecham parties and Hoffman-LaRoche, Inc. (Roche)[1] conspired in violation of Section 1 of the Sherman Act to restrain trade unreasonably in amoxicillin by fraudulently procuring and enforcing the amoxicillin patents, by preventing the sale of amoxicillin in bulk form, and by refusing to license the amoxicillin patents in the United States.

In the Virginia action, Robins has asserted two counterclaims. The first counterclaim seeks a declaration that the amoxicillin patents are invalid and unenforceable.[2] Robins' second counterclaim alleges that the Beecham parties and Roche[3] conspired in violation of Section 1 of the Sherman Act to restrain trade unreasonably in amoxicillin by fraudulently procuring and enforcing the amoxicillin patents, by preventing the sale of amoxicillin in bulk form, and by refusing to license the amoxicillin patents in the United States. Robins also alleges that the Beecham parties are attempting to monopolize trade in amoxicillin in violation of Section 2 of the Sherman Act. The Beecham parties initiated this illegal conduct concerning the amoxicillin market in the early 1970's, Robins alleges, after the Beecham parties came under widespread legal challenge for anti-competitive practices in, and monopolization of, trade in a related semisynthetic penicillin known as ampicillin.[4] Robins alleges that Beecham Group's attempt to monopolize trade in amoxicillin is an effort to continue and extend its alleged monopolization of trade in ampicillin.

Biocraft Laboratories, Inc. (Biocraft) is the sole plaintiff in the District of Columbia action. The complaint in that action names the same defendants as, and is virtually identical to, Robins' two counterclaims in the Virginia action. Biocraft, Robins' supplier of amoxicillin, states in this complaint that Biocraft has in effect agreed to hold Robins harmless against Beecham Group's claims for infringement in the Virginia action and to defend those claims against Robins.

This litigation is before the Panel on the motion of Biocraft and Robins for transfer pursuant to 28 U.S.C. § 1407 of the Delaware and Virginia actions to the District of the District of Columbia for coordinated or consolidated pretrial proceedings with the action pending there. The Beecham parties agree that these actions are appropriate for transfer under Section 1407, but urge that

1. Roche is a named co-conspirator, but not a defendant, in this counterclaim.

2. Robins has brought this first counterclaim against Beecham Group and Bristol. Bristol was included as a defendant on the ground that the 1959 agreement between Bristol and Beecham Group gave Bristol certain rights to the amoxicillin patents in the United States and that therefore Bristol is a necessary party to this counterclaim pursuant to Rule 19, Fed.R. Civ.P.

3. As in the counterclaim filed by Bristol in the Delaware action, Roche is named in the second Virginia counterclaim as a co-conspirator but not as a defendant.

4. In July 1970, the Panel transferred In re Ampicillin Antitrust Litigation, 315 F.Supp. 317 (Jud.Pan.Mult.Lit.1970), to the District of the District of Columbia, where it is presently pending before the Honorable Charles R. Richey. The transferee court has basically described the actions in Ampicillin as follows:

These suits seek damages and, in some instances, various types of equitable relief from the defendants, Bristol-Myers Company, Beecham Group Limited and Beecham, Inc., for alleged violations of the Antitrust Laws with respect to ampicillin and other semisynthetic penicillin drugs. Specifically, plaintiffs claim defendants have fraudulently procured and enforced the ampicillin patent and have engaged in a conspiracy to restrain and monopolize trade in ampicillin and other semisynthetic penicillins with resultant overcharges to the plaintiffs.

In re Ampicillin Antitrust Litigation, 55 F.R.D. 269, 271 (D.D.C.1972) (footnotes omitted).

All the parties to the present litigation except Robins are also parties to Ampicillin.

the District of Delaware is the most appropriate transferee district. Bristol suggests that Section 1407 transfer may be premature because only three actions currently are involved and additional actions concerning the amoxicillin patents may be filed. In the event that the Panel orders transfer, however, Bristol favors transfer to the District of Delaware.[5]

We find that these actions involve common questions of fact and that transfer of the Virginia and Delaware actions to the District of the District of Columbia under Section 1407 for coordinated or consolidated pretrial proceedings with the action pending there will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.

■ All parties recognize, and we agree, that these actions share numerous complex questions of fact relating to, *inter alia*: (1) the issues of validity and enforceability of the amoxicillin patents; (2) Beecham Group's conduct in the procurement of these patents; and (3) Beecham Group's alleged misuse of the patents by conspiring with Beecham, Inc. and Roche to restrain trade unreasonably in amoxicillin. In addition, the Virginia and District of Columbia actions share complex factual questions concerning the Beecham parties' alleged monopolization of trade in amoxicillin. Because of the presence of complex factual questions and the strong likelihood that discovery concerning these questions will be both complicated and time-consuming, we rule that transfer under Section 1407 is appropriate at the present time even though only three actions are presently involved. *See generally In re Scotch Whiskey Antitrust Litigation*, 299 F.Supp. 543, 544 (Jud.Pan.Mult.Lit.1969). Any related actions that may be filed will be treated as tag-along actions. *See* Rules 1, 9 and 10, R.P.J.P.M.L., 65 F.R.D. 253, 255, 259–60 (1975).

■ The Beecham parties and Bristol maintain that the District of Delaware is the most appropriate transferee forum for the following reasons: (1) In response to Bristol's discovery request in the Delaware action, the Beecham parties are preparing to produce a substantial number of documents in Delaware, whereas no discovery has yet been commenced in the Virginia or District of Columbia actions; (2) The corporate headquarters of Beecham, Inc., Biocraft and Bristol are located in either New York or New Jersey, and are more conveniently located to Delaware than to Virginia or the District of Columbia; (3) The District of Delaware is a convenient and easily accessible forum for all other parties in this litigation; and (4) The Beecham parties and Bristol—allegedly the "principal antagonists" in this litigation—favor transfer to Delaware.

The Beecham parties further argue that the District of the District of Columbia is an inappropriate transferee district. While the parties advocating the District of the District of Columbia as the transferee forum assert that the present litigation and *Ampicillin* are closely related, the Beecham parties maintain that the two litigations do not share significant common questions of fact or law concerning either the patent or antitrust issues involved in each respective litigation. The Beecham parties also contend that Judge Richey has not gained any special knowledge in *Ampicillin* that would warrant transfer of the amoxicillin actions to him. Finally, the Beecham parties argue that transfer of the present litigation to the District of the District of Columbia would unduly delay and confuse pretrial proceedings in both this litigation and *Ampicillin*, and might ultimately delay trial(s) in *Ampicillin*.

We find these arguments unconvincing. On the basis of the record before us, the

---

5. After the Panel hearing on this matter, Bristol, by letter to the Panel dated March 1, 1978, suggested that, in the alternative, the District of New Jersey would be an appropriate transferee district. The Beecham parties have advised the Panel that they have no objection to transfer of this litigation to New Jersey; Biocraft and Robins, however, oppose such a transfer. We find that the District of New Jersey would not be an appropriate transferee forum for this litigation.

precise nature of the relationship between the actions now under consideration and the actions in *Ampicillin* is somewhat unclear. We are persuaded, however, that Judge Richey has had the opportunity from supervising *Ampicillin* to become familiar with chemical and historical matters relating to the semisynthetic penicillin industry and that therefore assignment of the present litigation to him will promote the expeditious processing of this litigation. This conclusion is augmented by the fact that all but one of the litigants now before us are parties to *Ampicillin*. We also note that Biocraft and Robins represent that the document depository for *Ampicillin* contains many documents relevant to the amoxicillin litigation and that that depository is located in the District of Columbia.

Our transfer of the present litigation to the District of the District of Columbia does not mean that this litigation and *Ampicillin* are now merged. Rather, we are simply of the view that factors relating to the presence of *Ampicillin* in the District of the District of Columbia tip the scales in favor of that district as the transferee forum for the present litigation.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on the following Schedule A and pending in districts other than the District of the District of Columbia be, and the same hereby are, transferred to the District of the District of Columbia and, with the consent of the court, assigned to the Honorable Charles R. Richey for coordinated or consolidated pretrial proceedings with the action already pending there and listed on Schedule A.

### SCHEDULE A

#### District of Delaware

| | |
|---|---|
| Beecham Group Limited v. Bristol-Myers Co. | Civil Action No. 77–274 |

#### Eastern District of Virginia

| | |
|---|---|
| Beecham Group Limited v. A. H. Robins Co. | Civil Action No. 77–0553–R |

District of the District of Columbia

| | |
|---|---|
| Biocraft Laboratories, Inc. v. Beecham Group Limited, et al. | Civil Action No. 77–2021 |